IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LEOPOLDO CASTANEDA HERRERA,**<br>    Movant, | **CRIMINAL NO.**<br>**1:07-CR-0279-29-CAP-GGB** |
| v. | **CIVIL ACTION NO.**<br>**1:12-CV-02565-CAP-GGB** |
| **UNITED STATES OF AMERICA,**<br>    Respondent. | **MOTION TO VACATE**<br>**28 U.S.C. § 2255** |

## FINAL REPORT AND RECOMMENDATION

Leopoldo Castaneda Herrera ("Castaneda" or "Movant")[1] has filed a motion to vacate sentence under 28 U.S.C. § 2255 [Doc. 2014]. Movant challenges the constitutionality of his 248-month sentence that was imposed on January 8, 2010 [Doc. 1684], following his guilty plea on October 19, 2009. Presently before the Court for consideration are: (1) Movant's § 2255 motion to vacate [Doc. 2014]; (2) the United States of America's (hereinafter "Government") motion to dismiss

---

[1] Movant's name appears on the docket and in the indictment in this case as "Leopoldo Castanda Herrera." However, Movant signed his § 2255 motion and related documents as "Leopoldo Castaneda Herrera." Accordingly, I will refer to Movant as "Castaneda."

Movant's motion to vacate [Doc. 2019]; and (3) Movant's response to the Government's motion [Doc. 2022].

## I.  BACKGROUND

Castaneda was indicted on November 12, 2008, in a third superseding indictment, for various drug trafficking, firearms, and money laundering offenses. [Doc. 811].  Specifically, Castaneda was charged with conspiracy to possess cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One); possession of cocaine with the intent to distribute, in violation of 21 U. S. C. § 841(a)(1) (Count Two); possession of a firearm in furtherance of a controlled substances offense, in violation of 18 U.S. C. § 924(c) (Count Three); possession of a firearm by an illegal alien, in violation of 18 U. S. C. § 922(g) (Count Four); and conspiracy to launder money, in violation of 18 U. S. C. § 1956(h) (Count 20) . [*Id.*].

Castaneda pleaded guilty to Counts One and Three on October 19, 2009. [Doc. 1569].  In his plea agreement, Castaneda waived his right to appeal (except in the case of an upward departure or a Government appeal) and to file a collateral attack on his conviction, including a Section 2255 petition.  [Doc. 1569-1 at 8].

The Court sentenced Castaneda on January 7, 2010, to a total of 248 months of imprisonment.  [Docs. 1683, 1684].  Castaneda filed a notice of appeal on January 19,

2010, and on February 28, 2011, the Eleventh Circuit affirmed Castaneda's conviction and sentence.  [Docs. 1705, 1885]; *United States v. Castanda Herrera*, 416 F. App'x 820 (11th Cir. 2011).  Castaneda did not file a petition for writ of certiorari.  Castaneda's § 2255 motion is deemed filed on July 20, 2012, the date he certified delivery of the motion to prison authorities for mailing.  *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (holding that, under the "prison mailbox rule," a *pro se* prisoner's court filing is deemed filed on the date that it is delivered to prison authorities for mailing).

In his motion, Castaneda seeks a sentencing reduction based on his claim that his attorney was ineffective for failing to negotiate a more favorable plea agreement.  Specifically, he contends that his attorney was ineffective for failing to negotiate a plea under a Department of Justice (DOJ) early disposition or Fast-Track program that was developed to manage criminal immigration cases.  [Doc. 2014 at 5-6].  Castaneda cites and relies on U.S.S.G. § 5K3.1, a policy statement which provides:

> Upon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides.

3

The Government has moved to dismiss Castaneda's § 2255 motion on the grounds that (1) it is untimely; and (2) it is barred by Castaneda's waiver in his plea agreement. Additional facts are discussed in context below.

## II.  DISCUSSION

### A.  Castaneda's § 2255 motion is untimely.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal prisoners must file a 28 U.S.C. § 2255 motion to vacate within one year of the latest of four specified events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

"A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted." *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000) (citing *United States v. Dayton*, 981 F.2d 1200, 1203 (11th Cir. 1993)). Castaneda's conviction was affirmed by the Eleventh Circuit Court of Appeals on February 28, 2011. Castaneda's one-year limitation period began to run on May, 29, 2011, when the ninety-day period in which he could have sought certiorari in the United States Supreme Court expired. *See* Rule 13 of the Rules of the Supreme Court of the United States; *see also Clay v. United States*, 537 U.S. 522 (2003) (for § 2255 cases, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction). Thus, Castaneda had one year from May 29, 2011, to file a § 2255 motion, and his one-year statute of limitations expired on or about May 29, 2012. Accordingly, when Castaneda filed his § 2255 motion on July 20, 2012, it was untimely.

Castaneda argues that *Missouri v. Frye*, ⎯⎯ U.S. ⎯⎯, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012) is applicable to his case, and created a new right that is retroactively applicable to cases on collateral review. As the Supreme Court's decision in *Frye* was not decided until 2012, according to Castaneda, his § 2255

5

motion should be considered timely (presumably under § 2255(f)(3)). [Doc. 2022 at 2]. However, the Eleventh Circuit has determined that neither *Frye* nor the related case of *Lafler v. Cooper*, ⎯⎯ U.S. ⎯⎯, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012) announced a newly recognized right that applies retroactively to cases on collateral review. Instead, in *Frye* and *Lafler*, "the Supreme Court clarified that the Sixth Amendment right to effective assistance of counsel . . . extends to the negotiation and consideration of plea offers that lapse or are rejected." *In re Perez*, 682 F.3d 930, 932 (11th Cir. 2012). *See Martin-Lopez v. United States*, 1:07-CR-0257-JEC-GGB at Docs. 946, 949 (finding that *Lafler* and *Frye* did not announce newly recognized retroactive rights for purpose of the calculation of the one-year period of limitation under § 2255(f)(3)). For these reasons, Castaneda's § 2255 motion is time-barred.

The one-year limitation period is subject to equitable tolling. *See Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549 (2010). In order to obtain equitable tolling of the AEDPA's filing deadlines, Movant must show that: (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 2562 (citation omitted). Equitable tolling is generally limited to rare and exceptional circumstances. *See Helton v. Sec'y for Dep't of Corr.*, 233 F.3d 1322, 1325 (11th Cir. 2000).

6

On November 4, 2011, Movant signed a motion seeking an additional ninety days to file a motion to vacate sentence under 28 U.S.C. § 2255.  [Doc. 1950].  In his motion, he contends that he is entitled to an extension of time to file a § 2255 motion due to his lack of proficiency in English, lack of access to translated legal materials and bilingual law clerks, and financial difficulties in paying for copies of legal documents on the docket.  [*Id.*].  "An inability to understand English does not constitute extraordinary circumstances justifying equitable tolling."  *DeLeon v. Florida Dep't of Corr.*, 470 F. App'x 732, 734 (11th Cir. 2012) (citing *United States v. Montano*, 398 F.3d 1276, 1280 n. 5 (11th Cir. 2005)).  In addition, Movant's financial situation is insufficient to justify equitable tolling.  There is no fee associated with filing a § 2255 motion; therefore, Movant was not "prevented" from filing the motion on time due to his lack of financial resources.  *See Coleman v. Jenkins*, No. 09-cv-716-bbc, 2009 WL 5217658, at *1 (W.D. Wis. Dec. 31, 2009) (holding petitioner's lack of financial resources, legal knowledge, or representation failed to show that he qualified for equitable tolling).  Moreover, Movant sought a ninety-day extension of time, but he did not file his § 2255 motion within ninety days after he filed the motion for an extension.  Movant waited over eight months after he

7

filed his motion for an extension of time before he filed his § 2255 motion. Thus, equitable tolling does not apply to Movant's § 2255 motion, and it is untimely.

Movant's argument regarding his counsel's failure to negotiate a "Fast Track" plea does not change the outcome that Movant's motion is untimely. Movant cites to a memorandum issued by the Department of Justice "authorizing every judicial district to grant Fast-Track downward departures for all immigration offenders," which he appears to contend is new law that is applicable to his case.[2] [Doc. 2014 at 8]. However, this memorandum did not create any new rights or new law that could be retroactively applied. *See Rodriguez v. United States*, Nos. 3:11-CR-0025 (CAR),

---

[2]On January 31, 2012, James M. Cole, the Deputy Attorney General for the United States Department of Justice, distributed a memorandum regarding fast-track programs and the disparities caused by the absence of fast-track programs in certain districts. [Doc. 2022 at 17-20]; Memorandum from the Deputy Attorney General to All United States Attorneys (January 31, 2012), *available at* http://www.justice.gov/dag/fast-track-program.pdf. The memorandum sets forth a new nationwide policy requiring United States Attorneys to implement fast-track programs in their districts in order to correct the disparate sentencing issues based on the district where the illegal immigrant is detained. The memorandum, however, "provides only internal Department of Justice guidance. It is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal . . . ." *Id.* The memorandum gives broad discretion to prosecutors to determine whether a fast-track program will be offered to a defendant. The memorandum also sets forth requirements that must be detailed and agreed upon by the parties in the plea agreement allowing a defendant to enter the fast-track program.

3:11-CV-90127 (CAR), 2012 WL 6953369, at *3 (M.D. Ga. Oct. 17, 2012); *United States v. Granados-Ruiz*, No. 8:99-cr-00322-SCB-MSS, 2012 WL 2464871 (M.D. Fla. June 27, 2012).  Moreover, this memorandum does not apply to Movant, and he is not eligible for the fast-track program, because it does not apply to drug trafficking and firearms offenses like Movant's convictions, but to felony illegal reentry cases. [Doc. 2022 at 19].  Thus, Movant's motion is untimely.

### B. **Castaneda's § 2255 motion is barred by the waiver in Castaneda's plea agreement.**

Even if Castaneda's § 2255 motion had been timely, it should should be dismissed because Castaneda waived his right to attack his sentence on collateral review in his plea agreement.  [Doc. 1569-1 at ¶ 16].  A collateral attack waiver is enforceable if the Court discussed the waiver provision with the defendant during the guilty plea colloquy, or if it is manifestly clear from the record that the defendant understood the full significance of the collateral attack waiver. *See United States v. Bushert*, 997 F. 2d 1343, 1351 (11th Cir. 1993) (discussing appeal waivers).

Here, the district court discussed the waiver with Castaneda at the plea hearing and Castaneda acknowledged that he understood it.  [Doc. 1827 at 24].  The court's discussion, the written plea agreement, and the Government's review of the waiver

on the record make it manifestly clear that Castaneda understood the full significance of the waiver.  [Doc. 1569-1 at ¶ 16; Doc 1827 at 14, 16].  Thus, the waiver is enforceable and his § 2255 motion should be dismissed.  *See Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (holding defendant may not circumvent sentencing appeal waiver by collaterally attacking sentence through claim of ineffective assistance of counsel).

### III.  CERTIFICATE OF APPEALABILITY

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Under 28 U.S.C. §2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  See *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Movant's § 2255 petition is clearly untimely.  Moreover, Movant knowingly waived his right to collaterally attack his sentence. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

## IV.  CONCLUSION

Based on the foregoing, **I RECOMMEND** that the Government's motion to dismiss Castaneda's motion to vacate [Doc. 2019] be **GRANTED** and that Castaneda's motion to vacate sentence [Doc. 2014] be **DENIED.**

**I FURTHER RECOMMEND** that Movant's motion for an extension of time to file a § 2255 motion [Doc. 1950] be **DENIED**.

**I FURTHER RECOMMEND** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 22nd day of February, 2013.

_Gerrilyn G. Brill_
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE